Samuel Kunstadter, Defendant in Error, v. Chicago & Northwestern Railway Company, Plaintiff in Error.

## Gen. No. 14,628.

VERDICTS—*when reversed on final judgment.* Where the evidence is such as would not sustain a judgment by the plaintiff, final judgment with finding of facts will be entered in the Appellate Court.

Tort. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of facts. Opinion filed December 21, 1909.

**Statement by the Court.** Plaintiff bought a round trip ticket to Yellowstone Park from defendant. It was a coupon ticket issued by defendant partly on account of connecting roads. Defendant's line ends at Omaha. There it connects with the Union Pacific. A branch line of the latter was in process of construction and at the end of the track, stages met the trains and continued the journey.

Plaintiff checked his trunk to Big Springs, Idaho, which was pointed out to him on the map and was represented by the defendant's agent as the end of the railroad line. The baggage check read "via U. P. & O. S. L."

Plaintiff testified that he did not reach Big Springs

but reached the end of the line; that his baggage was not put off the train with him and that he had to proceed by stage without it. He received it, however, just as he started on the return trip on the railroad. He was damaged $34.69 by reason of not having had the baggage in time.

S. A. LYNDE and FREDERIC BURNHAM, for plaintiff in error.

ADLER, LEDERER & SCHOENBRUN, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

While the plaintiff in error discusses the interesting question of the liability of the first carrier for the negligence of the connecting carriers in the case of baggage and the effect of the signed contract waiving such liability, this question is not properly before us because this action was begun not on any such theory of liability but in tort for carelessly misrepresenting that defendant's road ran its trains to Big Springs, Idaho, wherefore plaintiff bought tickets upon this representation, was taken to the end of defendant's road and was then informed that no such station existed on defendant's line as Big Springs and that defendant carelessly left plaintiff at the end of its line without his baggage.

The evidence, however, does not sustain this claim.

First. There is no testimony of any representation that Big Springs, Idaho, was on defendant's line, but only that the train used to go to Monida and that the termination of the new line was Big Springs.

Second. Plaintiff says that he did not reach Big Springs but was taken to the end of the line, some mile post, a place having no name at all, at which a construction gang was building a continuation of the line. But though there may not have been a town

there called Big Springs, this end of the line was evidently regarded as Big Springs by the railroads inasmuch as the baggage, though delayed, was shipped there.

Third. In any event, even if there was a misrepresentation, no damage was thereby caused to the plaintiff. He wanted his baggage at the end of the railway line so as to take it with him on the stage; no matter by what name the end of the line was called, there is no evidence that it would have reached there in time. There is no evidence in the record that shipping the baggage to Big Springs, Idaho, instead of to a nameless end of the line caused the delay inasmuch as there is no evidence that there is such a place as Big Springs in Idaho, unless this be the name used to designate the end of the line.

The judgment of the lower court will be reversed with a finding of facts.

*Reversed with finding of facts.*